## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**STEVEN ANDREW MAYNARD,**

      **Plaintiff,**

**v.**                                                    **Case No. 3:21-cv-00458**

**WEXFORD HEALTH COMPANY,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

In August 2021, Plaintiff Steven Andrew Maynard ("Maynard"), proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). For the reasons set forth below, the undersigned **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice**, (ECF No 2); **DENY** the Application to Proceed Without Prepayment of Fees and Costs as moot, (ECF No. 1); and **REMOVE** this case from the docket of the Court.

## I.    <u>Relevant History</u>

In his Complaint, Maynard makes the following allegations. He was previously incarcerated in Huttonsville Correctional Center, where he was treated by a dentist who was an employee of Defendant Wexford Health Services. (ECF No. 2). The dentist attempted to remove one of Maynard's teeth, and during the process, broke a dental tool off in Maynard's jaw bone. Maynard was taken to Ruby Memorial Hospital where a portion of the tool was discovered. Maynard indicates that he filed a lawsuit over the incident in the Circuit Court of Randolph County, West Virginia. The lawsuit was ultimately dismissed by the Circuit Court, but was reinstated by the Supreme Court of Appeals of West Virginia ("WVSC"). (*Id.*). Maynard states that he was represented in the case by Edward R. Kohout, but Mr. Kohout's license has since been annulled by the WVSC. Maynard asks to "be compensated for the medical malpractice and pain and suffering that resulted from this incident." (*Id.* at 5). Maynard does not explicitly state when the alleged malpractice occurred, but alleges that his Randolph County lawsuit commenced in 2012. (*Id.* at 2).

Based on the information provided by Maynard, the undersigned located the final judgment order entered by the WVSC related to Maynard's Randolph County case. *See Maynard v. Wexford Health Sources, Inc.,* Case No. 15-0398, 2016 WL 2979651 (W. Va.

May 23, 2016). According to the Judgment Order, Maynard was allegedly injured in December 2012 during "an improper tooth extraction" performed by Dr. John Shreve at Huttonsville Correctional Complex in Huttonsville, West Virginia. Experiencing difficulties with the extraction, Dr. Shreve aborted the procedure and scheduled Maynard for oral surgery at West Virginia University one week later. *Id.* at *1. The oral surgeon at West Virginia University discovered the tip of a dental tool in Maynard's gums and removed it along with the tooth. *Id.*

In August 2013, Maynard filed suit against Wexford Health Sources and Dr. Shreve in the Circuit Court of Randolph County, West Virginia, where Huttonsville is located. Maynard was represented by attorney Edward Kohout. *Id.* After being permitted to conduct discovery, the parties filed motions for summary judgment in February 2015. The Circuit Court held a hearing on the motions and concluded that summary judgment in favor of the defendants was warranted, because Maynard had failed to offer expert testimony to support his malpractice claim, as required by West Virginia law. *Id.*, at *2. Accordingly, Maynard's case was dismissed by order entered April 24, 2015. Maynard appealed the dismissal to the WVSC. Contrary to Maynard's recollection, however, on May 23, 2016, the WVSC affirmed the Circuit Court's order of dismissal. *Id.* at *4. The record does not reflect that Maynard appealed the WVSC's decision to the United States Supreme Court. Consequently, the judgment of the WVSC became final in 2016.

## II.  **Discussion**

Based on the information described above, Maynard's complaint in this court must be summarily dismissed for multiple reasons—not the least of which is that his claim has already been adjudicated. *See, e.g.*, *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015) ("Under *res judicata* principles, a prior judgment between the same parties can

preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. As we have applied it, the doctrine of res judicata encompasses two concepts: claim preclusion, which bars later litigation of all claims that were actually adjudicated or that could have been adjudicated in an earlier action, and issue preclusion, which bars later litigation of legal and factual issues that were actually and necessarily determined in an earlier action.") (internal citations and markings omitted). As Maynard's claim was adjudicated in the State of West Virginia, the undersigned looks to West Virginia law, which similarly holds "that '[t]he doctrine of res judicata is based on a recognized public policy to quiet litigation and on a desire that individuals should not be forced to litigate an issue more than once.'" *Baker v. Chemours Co. FC, LLC*, 855 S.E.2d 344, 348 (W. Va 2021) (quoting *White v. SWCC*, 262 S.E.2d 752, 756 (W. Va. 1980)). In the 2013 case filed in the Circuit Court of Randolph County, Maynard sued Wexford Health Sources on the same legal and factual issues raised in this case. Therefore, Maynard is precluded from relitigating his dental injury in this court.

Even if Maynard were not prohibited from filing another lawsuit against the same defendant concerning the same fact scenario, he fails to state a claim under 42 U.S.C. § 1983. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, (1976). To comply with the Eighth Amendment, each State must provide its sentenced prisoners with "adequate food, clothing, shelter, and medical care ...." *Estelle v. Gamble,* 429 U.S. 97, 103, (1976). A prison official violates the Eighth Amendment when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To state a cognizable Eighth Amendment claim, an inmate must meet two prongs; one objective and one subjective. Under the objective prong, a prisoner must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. A medical condition is serious under the Eighth Amendment when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities, or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see also Adams v. Southwest Virginia Regional Jail Authority*, 524 Fed. Appx. 899, 900-01 (4th Cir. 2013). Also under the objective prong, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)), "or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993)).

Under the subjective prong, the inmate must show that the defendant subjectively responded with deliberate indifference to the inmate's serious medical need. *Wilson v. Seiter,* 501 U.S. 294, 297–99, (1991). Not every refusal or delay of medical care will translate into a "constitutional liability" for prison officials. *Farmer,* 511 U.S. at 834 "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. As the Fourth Circuit explains:

Deliberate indifference may be demonstrated by either actual intent or

5

> reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A
> defendant acts recklessly by disregarding a substantial risk of danger that is
> either known to the defendant or which would be apparent to a reasonable
> person in the defendant's position. *See id*. Nevertheless, mere negligence or
> malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S.
> at 106.

*Miltier v. Beorn,* 896 F.2d 848, 851-52 (4th Cir. 1990). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). If the requisite subjective knowledge is established, an official may still avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer,* 511 U.S. at 844. A prisoner is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the prisoner. *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977).

As stated by the *Miltier* Court, medical negligence is not the same as a constitutional violation. *See also Estelle,* 429 U.S. at 106; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier,* 896 F.2d at 851. A claim of medical negligence should be asserted in a medical malpractice lawsuit rather than a § 1983 action, and should generally be filed in a State court. Here, Maynard expressly describes his claim as one asserting medical malpractice; accordingly, he does not allege facts supporting federal jurisdiction.

In addition to his failure to state a federal claim, Maynard's claim is barred by the applicable statute of limitations. "No federal statute of limitations specifically applies to § 1983 actions; instead, the applicable time period must be borrowed from the analogous

state statute of limitations." *Rakes v. Rush*, Civil Action No. 2:09–018, 2009 WL 2392097, at *4 (S.D.W. Va. Aug. 4, 2009) (citing *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991)). "The Fourth Circuit has recognized that 'in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies.'" *Hamlet v. W. Virginia*, No. CIV.A. 1:06-0181, 2009 WL 261450, at *3 (S.D.W. Va. Feb. 3, 2009) (quoting *McCausland v. Mason County Bd. of Ed.*, 649 F.2d 278 (4th Cir.1981), *cert. denied*, 454 U.S. 1098, (1981)). Generally, "[t]he applicable statute of limitations for an action filed pursuant to 42 U.S.C. § 1983 is based upon the State's limitations period applicable to a personal injury action.'" *Green v. Rubenstein*, 644 F. Supp. 2d 723, 746 (S.D.W. Va. 2009). In West Virginia, a two-year statute of limitations applies to personal injury cases. *Id.* (citing W. Va. Code § 55–2–12). Therefore, if Maynard had not already adjudicated his claim, he would have been required to file his claim no later than December 2014. This case was not instituted until 2021. Consequently, the complaint was not timely filed.

### III. <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice**, (ECF No. 2); **DENY** the Application to Proceed Without Prepayment of Fees and Costs as moot, (ECF No. 1). and **REMOVE** this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** September 2, 2021

Cheryl A. Eifert
United States Magistrate Judge