IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN ANDREW MAYNARD,

        Plaintiff,

v.                                                 CIVIL ACTION NO.  3:21-0458

WEXFORD HEALTH COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This pro se suit arises out of Defendant Wexford Health Services' provision of dental treatment to Plaintiff Steven Andrew Maynard. *See* ECF No. 2. While Plaintiff was incarcerated at Huttonsville Correctional Center, he was treated by an employee of Defendant. The dentist removed one of Maynard's teeth, and, in the process, broke a dental tool off in Maynard's jawbone. *Id*. A portion of the tool was later discovered in an x-ray performed at Ruby Memorial Hospital. *Id*. Maynard then sued Defendant for medical malpractice in the Circuit Court of Randolph County, West Virginia in 2012. *Id*. According to Plaintiff, this suit was dismissed by the Circuit Court but reinstated by the Supreme Court of Appeals of West Virginia. *Id*.

In her Proposed Findings and Recommendations ("PF&R"), Magistrate Judge Eifert located the final judgment order entered by the Supreme Court of Appeals of West Virginia and found that it affirmed the Circuit Court's order of dismissal based on Plaintiff's failure to offer expert testimony to support his malpractice claim. *See Maynard v. Wexford Health Sources, Inc*., No. 15-0398, 2016 WL 2979651 (W. Va., May 23, 2016). Magistrate Judge Eifert then thoroughly explained why Maynard's claims should be dismissed. His claims have already been adjudicated

and are barred under res judicata principles. *See* PF&R at 3. Further, he failed to state a claim under 42 U.S.C. § 1983, because he did not allege an Eighth Amendment violation when he merely alleged medical negligence, which is insufficient to rise to the deliberate indifference standard needed for a violation. *Id*. at 4-6. Finally, his claim was barred by the applicable statute of limitations, which would have been based on the analogous state statute of limitations, which here, was two years. *Id*. at 6-7.

Maynard filed "subjections" and objections to the PF&R. *See* ECF No. 7. The Court must now review those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court need not review factual and legal conclusions to which a party does not object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor must the Court review *de novo* "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The Court possesses wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Maynard's objections contain mostly general grievances about the way his state court proceedings were conducted. ECF No. 7 at 1. He notes that the Circuit Court Judge erred in dismissing his original state case five days prior to trial. *Id.* He objected to being asked to pay a filing fee because he had already paid a filing fee in his state appellate process. *Id.* He states that the West Virginia Supreme Court of Appeals ruled that his case should have been reversed and remanded for a fair jury trial. *Id*. at 1-2. He finally notes that his Eighth Amendment rights were violated because his case was one of "res ipsa loquitur." *Id.* at 2. His separate objection section

notes that he does not have the means to pay a filing fee, and that he should not have to pay another filing fee where he has already paid the state court, who erred in its decision. *Id*.

However, as Magistrate Judge Eifert noted, he has already sued Defendant on the same legal and factual issues in state court and is precluded from relitigating the issue in federal court. *See Covert v. LVNV Funding, LLC,* 799 F.3d 242, 246 (4th Cir. 2015). Further, it is not the place of a federal court to correct errors in a state court's ruling, that process must go through the state's own appellate courts or to the Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review a final judgment of a state court in judicial proceedings. Review of such judgments may only be had in [the Supreme] Court."). Because this Court cannot hear Plaintiff's complaint, his objections as to paying a filing fee are necessarily moot. Further, Plaintiff's allegations of res ipsa loquitur remain insufficient to state a claim under § 1983. A prison official violates the Eighth Amendment when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Medical negligence is not the same as a constitutional violation. *See Militer v. Beorn*, 896 F.2d. 848, 851-52 (4th Cir. 1990).

Finding no valid objections, the Court **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 4). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint (ECF No. 2), **DENIES AS MOOT** his Application to Proceed without Prepayment of Fees and Costs, and **DISMISSES** this case from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented parties, and Magistrate Judge Eifert.

ENTER:    October 12, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE